

U.S. Department of Justice

United States Attorney

District of Columbia

---

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

February 6, 2005

**FILED**
JUN 21 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Via Fax (202) 478-0867 & Hand-Delivery

Jenifer Wicks, Esquire
The Offices of Jenifer Wicks
The Webster Building
503 D Street NW, Suite 250A
Washington, DC 20001

*Let this be filed*
*Royce C. Lamberth*
*U.S.D.J.   6/21/05*

Re:    Rhoda Goodwin    CR 05-182-RCL

Dear Ms. Wicks:

This letter sets forth the full and complete plea offer to your client, Ms. Rhoda Goodwin. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on February 21, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.    **Charges**: Ms. Goodwin agrees to waive indictment and plead guilty to a one count Information charging a violation of 18 U.S.C. §371 (conspiracy to commit wire fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged, to be made before the Court by Ms. Goodwin and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Goodwin agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Goodwin's actions and involvement in the conspiracy. It is anticipated that during the Rule 11 plea hearing, Ms. Goodwin will adopt and sign the Statement of the Offense as a written proffer of evidence.

2.    **Potential penalties, assessments, and restitution**: Ms. Goodwin understands that the maximum sentence that can be imposed for conspiracy is five years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Goodwin understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a),

including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Goodwin understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Ms. Goodwin further understands that if the Court imposes a sentence which is in any way unsatisfactory to her, she cannot move to withdraw her guilty plea.

3. **Federal Sentencing Guidelines**: The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

§ 2B1.1

| | |
|---|---|
| (a) Base Offense Level | 6 |
| (b) Specific Offense Characteristics Loss of more than $200,000 but less than $400,000 (Relevant conduct includes $40,997 to which she has already pleaded guilty as well as the loss associated with her conspiracy) | 12 |

§2J1.7

| | |
|---|---|
| Commission of offense while on release (Thefts at Watergate committed while on Release for guilty plea for thefts at CCA) | 3 |

§ 3E1.1

| | |
|---|---|
| Acceptance of Responsibility (subject to ¶ 6) | (-3) |

TOTAL                                                                 18[1]

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Ms. Goodwin in this case. In the event that this plea offer is either not accepted by Ms. Goodwin or is accepted by Ms. Goodwin but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.     **Financial Arrangements**: Ms Goodwin agrees that prior to or at the time of the

---

[1] Based on a Pre Sentence Report dated August 20, 2004. The defendant's criminal history points total is 8, which establishes a criminal history category of IV.

2

sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013; she also agrees to pay restitution. Ms. Goodwin also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5.   **Cooperation:** Ms. Goodwin agrees to cooperate with the government on the following terms and conditions:

a.   Ms. Goodwin shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Ms. Goodwin acknowledges that her cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, taking government-administered polygraph examination(s), and participating in covert law enforcement activities.

b.   Ms. Goodwin shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Ms. Goodwin further agrees to the forfeiture of all assets which are proceeds of crime and/or traceable to proceeds of crime.

c.   Ms. Goodwin shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which her testimony may be deemed relevant by the government.

d.   Ms. Goodwin shall not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity.

e.   Ms. Goodwin agrees not to disclose to any person or entity the fact of or details regarding her cooperation with law enforcement authorities.

f.   Ms. Goodwin understands and acknowledges that nothing in this agreement allows her to commit any criminal violation of local, state, or federal law during the period of her cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of her cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Ms. Goodwin acknowledges and agrees that such a breach of this agreement will not entitle her to move to withdraw her plea of guilty. Ms. Goodwin further understands that, to establish a breach of this agreement, the government need only prove her commission of a criminal offense by a preponderance of the evidence.

6. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Ms. Goodwin continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Goodwin in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Goodwin does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4).

7. **Departure Committee:** At the time of Ms. Goodwin's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Ms. Goodwin to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Ms. Goodwin to the government. If the Departure Committee determines that Ms. Goodwin has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Ms. Goodwin understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Ms. Goodwin further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

8. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Goodwin's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Use of Certain Information:** The United States and Ms. Goodwin hereby agree that since Ms. Goodwin has agreed to cooperate with the United States, information provided by Ms. Goodwin shall not be held against her for purposes of calculating her sentence (see Sentencing Guidelines Section 1B1.8), and will not otherwise be used against her, except as follows:

4

a. information that was known to the United States prior to the date this plea agreement was agreed to by Ms. Goodwin may be used directly and indirectly against Ms. Goodwin in any criminal proceeding;

b. in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by Ms. Goodwin as part of her cooperation may be used directly and indirectly against her; and

c. if there is a breach of this agreement by Ms. Goodwin, as determined under the provisions of this agreement. In the event of such a breach, as set forth in Paragraph 10 below, the United States retains the right to use any information provided by Ms. Goodwin directly and indirectly at any subsequent proceeding.

10. **Breach of Agreement**: Ms. Goodwin agrees that if she fails to make a complete, truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand juries, or the Court, and/or if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Goodwin should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Goodwin's release (for example, should Ms. Goodwin commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Goodwin's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Goodwin will not have the right to move to withdraw the guilty plea; (c) Ms. Goodwin shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Goodwin, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Goodwin has breached this agreement, and if Ms. Goodwin so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

11. **Presence of Counsel**: At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Goodwin shall be entitled to the presence,

advice, and assistance of counsel, unless waived.

12. **USAO-DC's Criminal Division Bound:** Ms. Goodwin understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Goodwin.

13. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Goodwin, Ms. Goodwin's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Goodwin may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Goodwin and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
ANTHONY M. ALEXIS
MICHELLE MEROLA
Assistant United States Attorneys

I have read this plea agreement, consisting of 6 pages, and have discussed it with my attorney, Jenifer Wicks, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

6

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5/13/05

Rhoda Goodwin
Defendant

I have read each of the ____ pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5/13/05

Jenifer Wicks, Esquire
Attorney for the Defendant

7